UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

REGINIQUE ANTOINETTE JONES PLAINTIFF

v. NO. 3:20-CV-624-CRS

KILOLO KIJAKAZI,
Acting Commissioner of Social Security[1] DEFENDANT

**MEMORANDUM OPINION**

This matter is before the court for consideration of the Report and Recommendation of the United States Magistrate Judge (DN 27) in this action seeking judicial review pursuant to 42 U.S.C. § 405(g) of the denial by the Commissioner of Social Security ("Commissioner") of plaintiff Reginique Jones' applications for a period of disability and disability insurance benefits ("DIB") and for Supplemental Security Income ("SSI").

The matter was referred to the United States Magistrate Judge for findings and recommendation. The magistrate judge conducted a review of the final decision of the Commissioner (DN 18, PageID #86-99), and concluded that substantial evidence supported the findings of Administrative Law Judge ("ALJ") Jeffrey Eastham, that ALJ Eastham's decision comported with the applicable regulations, and recommended that the Commissioner's decision be affirmed. DN 27. Jones has filed objections to the Magistrate Judge's report which we address below, conducting a de novo review of those portions of the Magistrate Judge's report to which the claimant objects, in accordance with 28 U.S.C. § 636(b)(1)(C).

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Federal Rules of Civil Procedure 25(d), Kilolo Kijakazi is substituted for Andrew Saul as Defendant in this case.

1. Standard of Review

The Court conducts a de novo review of the portions of the Magistrate Judge's Report and Recommendation to which a party has filed a timely and specific written objection. Fed.R.Civ.P. 72(b) and 28 U.S.C. § 636(b)(1). A district court may accept, reject, or modify, in whole or in part, the findings and recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1)(C). Only those objections that are specific; that is, that "pinpoint those portions of the magistrate's report that the district court must specifically consider," are entitled to de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). "'[B]are disagreement with the conclusions reached by the Magistrate Judge, without any effort to identify any specific errors in the Magistrate Judge's analysis that, if corrected, might warrant a different outcome, is tantamount to an outright failure to lodge objections to the R & R.' *Depweg v. Comm'r of Soc. Sec.*, No. 14-11705, 2015 WL 5014361, at *1 (E.D. Mich. Aug. 24, 2015) (citing *Howard v. Secretary of Health & Human Services*, 932 F.2d 505, 509 (6th Cir. 1991))." *Arroyo v. Comm'r of Soc. Sec.*, No. 14-14358, 2016 WL 424939, at *3 (E.D. Mich. Feb. 4, 2016).

In reviewing the ALJ's findings, the Court must determine whether those findings are supported by substantial evidence and made pursuant to proper legal standards and nothing more. *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007); 42 U.S.C. § 405(h). Substantial evidence is "more than a scintilla of evidence but less than a preponderance." *McGlothin v. Comm'r of Soc. Sec.*, 299 F. App'x 516, 522 (6th Cir. 2008)(internal quotation marks omitted). The Court may not "try the case de novo, nor resolve conflicts in the evidence,

nor decide questions of credibility." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)(internal citations omitted).

2. Analysis

Jones is 35 years old. She lives with her mother, stepfather and niece and has a high school education. She has past relevant work experience as a massage therapist, but the ALJ determined that she had not engaged in substantial gainful employment since the alleged disability onset date. Jones suffered a stroke and an aneurism from which she allegedly became disabled on April 14, 2018. Jones protectively filed applications for benefits on May 25, 2018. Her claims for benefits were initially denied on September 28, 2018 and were denied on reconsideration on February 6, 2019. Jones requested and was given a hearing before the ALJ on October 15, 2019 at which time she appeared, represented by counsel, and gave testimony. Testimony was also taken from an impartial vocational expert who appeared at the hearing. On November 5, 2019, the ALJ issued a written opinion evaluating the evidence under the required 5-step process and concluding that

> Based on the application for a period of disability and disability insurance benefits filed on May 25, 2018, the claimant is not disabled under sections 216(i) and 223(d) of the Social Security Act.
>
> Based on the application for supplemental security income filed on May 25, 2018, the claimant is not disabled under section 1614(a)(3)(A) of the Social Security Act.

DN 18, p. 32, PageID # 99.

We need not recount the ALJ's entire analysis here, as it is described in detail in the Magistrate Judge's report. Instead, we focus on specific errors allegedly made by the Magistrate Judge in her review of ALJ Eastham's decision.

Jones argued that the ALJ erred in failing to include Anxiety Disorder at Step Two in his findings and that his determination of Jones' Residual Functional Capacity ("RFC") was not supported by substantial evidence. The Magistrate Judge rejected these contentions, thoroughly explaining her reasoning. Jones' objections to the Magistrate Judge's report consist, in large part, of a rehash of those arguments, simply disagreeing with the outcome. However, a number of points should be addressed.

The ALJ found that Jones has the severe impairments of "cerebrovascular accident (CVA) with residual neurocognitive effects and posttraumatic stress disorder (PTSD) (20 CFR 404.1520(c) and 416.920(c)" and that '[t]he above medically determinable impairments significantly limit the ability to perform basic work activities as required by SSR 85-28." DN 18, PageID # 89.

As noted by the Magistrate Judge, "An impairment is 'severe' within the meaning of the regulations if it significantly limits an individual's ability to perform basic work activities. 20 CFR 404.1520(c). Considering the relevant medical evidence, ALJ Eastham did not find that Plaintiff's anxiety limited her in this way." DN 27, p. 5, PageID #1983. The Magistrate Judge delineated the record cites offered by Jones in her Fact and Law Summary to suggest error in the ALJ's failure to include Anxiety Disorder as a severe impairment at Step 2, but concluded that

> Plaintiff's documented anxiety does not establish that she has corresponding work-related limitations, and ALJ Eastham did not err in determining the same. As Plaintiff establishes, there is evidence in the record demonstrating a history of anxiety, which ALJ Eastham acknowledged in his decision. [footnote omitted] There is nothing, however, to indicate such severity as to significantly limit her ability to perform basic work activities."

DN 27, pp. 5-6, PageID #s1983-84.

In objection, Jones does not offer any cogent argument against the Magistrate Judge's conclusion. Rather, she reiterates the evidence she contends should have led to the inclusion of an additional severe impairment, as she did in her Fact and Law Summary to the Magistrate Judge. She again asserts that these 15 citations to the record "Contradict and detract from the weight of the evidence that supports the decision that the symptoms are not work-related…" DN 28, PageID #1994, but she does not identify evidence of work-related limitations attributable to Jones' anxiety. The Magistrate Judge said as much in her report. We agree that despite her anxiety being well-documented, Jones has simply not shown work-related limitation due to its symptoms, a prerequisite to finding an impairment severe. 20 CFR 404 1520(c). She found that the ALJ's review of the evidence as a whole was sound and his conclusion therefrom was supported by substantial evidence in the record. It is well settled with regard to this and other findings by the ALJ that "an administrative law judge's decision may be supported by substantial evidence 'even if that evidence could support a decision the other way.'" DN 27, pp. 12-13, PageID #1990-91, *quoting Casey v. Sec'y of Health & Human Servs.,* 987 F.2d 1230, 1233 (6th Cir. 1993). "This is so because there is a 'zone of choice' within which the Commissioner can act, without fear of court interference." *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001).

Upon review of the ALJ's decision, we agree with the Magistrate Judge's determination that the ALJ's failure to include the severe impairment of Anxiety Disorder at Step 2 was not in error. Further, as explained by the Magistrate Judge, any such error would be harmless, in any event, as the Step 2 finding is merely the gateway to further inquiry at the remaining steps. As ALJ Eastham determined that Jones had the severe impairments of cerebrovascular accident (CVA) with residual neurocognitive effects and posttraumatic stress disorder and thus proceeded to evaluate Jones through the remaining steps of the process, "[t]he fact that some of [claimant]'s

impairments were not deemed to be severe at step two is [ ] legally irrelevant." DN 27, p. 6, PageID #1984, *quoting Rhodes v. Comm'r of Soc. Sec.,* No. 3:17-CV-167-RGJ-CHL, 2019 WL 764879, at *6 (W.D.Ky. Mar. 7, 2019)(quoting *Anthony v. Astrue*, 266 F. App'x 451, 457 (6th Cir. 2008)). Jones does not dispute this point but does indicate that the ALJ's decision not to include the severe symptom of Anxiety Disorder is representative of the ALJ's failure throughout his analysis to consider the record as a whole. DN 28, p.3, PageID #1994.

Jones next reiterates various arguments concerning the ALJ's Step Five finding that she had the residual functional capacity to perform light work with various exceptions. She contends that the ALJ failed to consider relevant evidence, mischaracterized certain evidence to her detriment, and failed to adequately explain his findings. These arguments were all fully explored by the Magistrate Judge who found no error in the ALJ's findings and conclusions.

The Magistrate Judge noted that the Administrative Record in this case is 1,852 pages long. Jones acknowledges that it is not necessary for the ALJ to discuss all relevant medical evidence as long as it is clear that he considered the evidence. *Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 508 (6th Cir. 2006).

In determining Jones' Residual Functional Capacity, the ALJ was required to base his finding on a review of the record as a whole, including Jones' credible testimony and the opinions from Jones' medical sources. 20 CFR §§ 404.1545.(a)(1), 416.945(a)(1).

The Magistrate Judge noted that ALJ Eastham in fact considered and referenced the May 2018 treatment records and June 2018 CT scan which Jones contends were omitted or only selectively considered. She also noted ALJ Eastham's inclusion of Jones' "reports of ongoing symptoms following her CVA and other physical and mental examinations evidencing her impairments." DN 27, p. 8, PageID #1986. She further noted the ALJ's inclusion of objective

medical evidence which supported his conclusion of an "excellent recovery" following her CVA and "generally normal" psychiatric findings based on her ability to follow verbal instructions, cooperativeness with examiners, and normal behavior, reasoning, and judgment. *Id.* The Magistrate Judge determined that the ALJ did not strategically omit findings and carefully examined and analyzed all of the record evidence in accordance with the regulations. *Id.* This Court agrees with the determination of the Magistrate Judge. The ALJ's decision contains seven pages of very detailed exploration and evaluation of all of the evidence in the case (DN 18, PageID #91-97) supporting his determination that

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except she can frequently climb ramps and stairs, but never climb ladders, ropes, or scaffolds. She can frequently stoop, kneel, crouch, and crawl. She should avoid concentrated exposure to hazards generally. She should never be exposed to unprotected heights or open moving machine parts. She can perform simple, goal-oriented tasks, but not at a production-rate pace and no fast-paced daily quotas. She can understand and follow simple, routine rote instructions and can make simple routine decisions. She can have frequent contact with supervisors, coworkers, and the public. She can tolerate frequent changes to the workplace setting.

DN 18, PageID #91.

Jones contends that the ALJ erred in stating that he considered Jones' "generally normal psychiatric examination findings during the period at issue" because no psychiatric treating source diagnosed Jones as "normal." Jones contends that the Magistrate Judge erred in affirmatively noting the ALJ's statement and concluding that the ALJ conducted a careful examination and thorough analysis in accordance with the regulations. Jones provides no authority that suggests error in (1) the ALJ's use of a summary reference such as "generally normal" findings to discuss a quantity of record evidence he previously discussed in specific detail, or (2) the ALJ's use of the terminology "generally normal" in the absence of a treating

source diagnosis of same. The objections of Jones to the Magistrate Judge's findings concerning the purported omission of relevant evidence are rejected.

Jones raises for the first time an argument concerning a perceived conflict between the ALJ's RFC in which he determined that Jones may have "frequent contact with supervisors, coworkers and the public" (DN 18, PageID #91) and the opinion of consultative examiner Michael Whitten, Ph.D. that she "may be able to function adequately in a low stress work environment with minimal social interaction" (DN 18, PageID #1220). Jones' allegation of error in the ALJ's purported failure to resolve this conflict is without merit for two reasons. First, the argument was waived as Jones raises it for the first time in objection to the Magistrate Judge's report. *Swain v. Comm'r of Soc. Sec.,* 379 F. App'x 512, 517-18 (6th Cir. 2010). Second, the ALJ discussed Dr. Whitten's opinion and found it not persuasive. DN 18, PageID #95. Thus Jones' suggestion of error in ALJ Eastham's failure to reconcile Jones' RFC with Dr. Whitten's opinion is without merit.

Jones' allegation that ALJ Eastham mischaracterized evidence raises nothing new. She contends that (1) the ALJ mischaracterized evidence concerning anxiety-related body movements such as finger-tapping, knee movement, or trembling, relying in error on medical records noting no "tremor" activity or "tic," and concluding that there were no work limitations attributable to her anxiety; (2) the ALJ mischaracterized her trip to Texas to stay with a friend as an "extended recreational stay" and resulted in his erroneously discounting Jones' statements that she is a "hermit" and she does not "go anywhere;"[2] (3) the ALJ mischaracterized a hospital stay as a series of follow-up visits.

---

[2] Jones now asserts that she was misunderstood because the ALJ did not question her at the hearing about her statement that she was a "hermit." This argument was not raised in her Fact and Law Summary and thus it is waived. *Swain, supra.*

The Magistrate Judge fully addressed each of these three contentions, identified the evidence relied upon by the ALJ, and concluded that none of the three allegations had merit. We agree. Jones has not identified error in the Magistrate Judge's rejection of these challenges to the ALJ's decision. Rather, she merely disagrees with the Magistrate Judge's conclusion.

Jones contends that the ALJ looked to the evidence in the record of her neurological improvement rather than those relating to her mental status in discounting the tremor evidence. She contends that the ALJ did not properly address her body movements of the leg, arm and body which are related to her anxiety and are voluntary and did not indicate in his report that he observed her trembling during the hearing. He indicated only that he did not observe finger-tapping. The Magistrate Judge fully addressed Jones' argument and discussed ALJ Eastham's citations to the record of evidence both supporting and contradicting Jones' assertion of disability and his reconciliation of it, explaining the consistency and supportability of opinions of medical providers as well as his determinations concerning the reliability of other evidence. Jones has cited no error in the Magistrate Judge's assessment beyond disagreeing with the outcome.

The ALJ was clearly within his zone of discretion in finding that Jones' travel to Texas for two months in 2019 after the breakup with her boyfriend was inconsistent with a report to her mental health provider in 2019 that she "was a hermit" and did not "go anywhere." Ultimately, after considering the record as a whole, including Jones' representations concerning her impairments, the ALJ determined that "the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of those symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained

in this decision." DN 18, PageID #92. Jones has shown nothing more than her disagreement with this determination.

The "follow-up visits" misstatement was inconsequential because ALJ Eastham discussed the medical documentation from the hospitalization in his analysis. The fact that the ALJ misidentified the context in which the medical documentation was generated is of no import, Jones' assertion notwithstanding. Her attempt to have the Court extrapolate that a hospital stay is "more serious" than a follow-up visit purely based on locale is an attempt by Jones to elevate form over substance. It is what occurs during the event, as reflected in the medical records generated, that reflects the individual's condition. There is no merit to this contention.

There was no error in the ALJ's acknowledgement of the manifestations of Jones' anxiety and determination from the evidence that

> Her mental impairments and associated symptoms support that she can perform simple, goal-oriented tasks, but not at a production-rate pace and with no fast-paced daily quotas, can understand and follow simple, routine rote instructions and can make simple routine decisions, can have frequent contact with supervisors, coworkers, and the public, and can tolerate frequent changes to the workplace setting. The objective medical findings, the claimant's treatment history, and the claimant's statements to providers do not support a more restrictive residual functional capacity than the one set forth herein.

DN 18, PageID #97.

Jones again argues that ALJ Eastham's decision was not supported by substantial evidence. In objection to the Magistrate Judge's report, she attempts to repackage the argument, asserting that the Magistrate Judge misunderstood her argument. Jones claims that she has identified evidence which contradicted the ALJ's decision and required him to resolve the

conflict. While the Court acknowledges the subtle distinction drawn in Jones' argument, at the end of the day, Jones has shown she suffered various manifestations of anxiety which the ALJ acknowledged in detail, but Jones has not identified any record evidence to contradict the ALJ's conclusion that her anxiety was not disabling. The claimant always bears the burden of proving lack of Residual Functional Capacity. *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 392 (6th Cir. 1999).

Jones' challenge to the adequacy of the ALJ's explanation with respect to the determination to rely on some medical opinions more than others is without merit. In each instance, the ALJ provided the required articulation of the supportability and consistency of the relevant medical evidence. 20 CFR 404.1520c(b)(2). As explained by the Magistrate Judge,

> The new regulations for evaluating medical opinions are applicable here since Plaintiff's claim was filed after March 27, 2017. See 20 C.F.R. § 404.1520c (2017). Under the new regulations, the agency "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [the claimant's own] medical sources." 20 C.F.R. § 404.1520c(a). The administrative law judge need only explain how he considered the supportability and consistency factors, which are the two most important in determining the persuasiveness of a medical source's opinion or a prior administrative medical finding. 20 C.F.R. § 404.1520c(b)(2). The more relevant the objective medical evidence and supporting explanations presented, the more persuasive the medical opinion(s) will be. 20 C.F.R. § 404.1520c(c)(1). The more consistent the medical opinion(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive it will be. 20 C.F.R. § 404.1520c(c)(2). The administrative law judge may, but is not required to, explain how he considered the other remaining factors in paragraphs (c)(3) through (c)(5) when articulating how he considered medical opinions. 20 C.F.R. §§ 404.1520c(b)(2)–(3).

DN 27, p. 11, PageID #1989. Jones has not identified error in the Magistrate Judges' determination and we find none.

3. Conclusion

Review of the ALJ's decision and the Magistrate Judge's report satisfies the Court that the Magistrate Judge thoroughly considered and addressed all of Jones' arguments. We find no error in the Magistrate Judge's analysis and conclusions regarding these arguments. For these reasons, this Court concludes that Magistrate Judge's report was correct in concluding that the ALJ's decision is supported by substantial evidence. Jones' objections to the Magistrate Judge's report are without merit and will be overruled. The Magistrate Judge's report will be accepted and adopted in its entirety. A separate order and judgement will be entered this date in accordance with this opinion.

March 12, 2022

Charles R. Simpson III, Senior Judge
United States District Court

**IT IS SO ORDERED.**